UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

SAMUEL JEAN BAPTISTE, on behalf of himself
and others similarly situated,

    Plaintiff,

    v.

GUEST-TEK INTERACTIVE ENTERTAINMENT INC.,
a Foreign Corporation,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, SAMUEL JEAN BAPTISTE (hereinafter referred to as "Plaintiff"), at all times material to this Complaint resided in Leon County, Florida.

2. Defendant, GUEST-TEK INTERACTIVE ENTERTAINMENT INC., a Foreign Corporation with a corporate office located at 1160 South Pioneer Road, Suite 5, Salt Lake City, Utah 84104 (referred to as "Defendant" and "GUESTTEK"), has at all times material to this Complaint owned and operated a business specializing in broadband technology and installation services for the hospitality industry at multiple locations across the United States.

3. Plaintiff brings this action on behalf of himself[1] and other current and former employees of GUESTTEK similarly situated to Plaintiff who have worked as "Installation Managers," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of Defendant

---

[1] Attached hereto is a signed Consent to Join of SAMUEL JEAN BAPTISTE.

regardless of location.

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. A substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Northern District of Florida, Tallahassee Division.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, GUESTTEK has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, GUESTTEK has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and/or sold computer and wireless networking equipment, all of which were all goods and/or materials moved in or produced for commerce; (b) handled and worked with office equipment such as copiers, scanners, faxes, computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed and participated in electronic bank transfers and other financial electronic transactions across State lines between Utah and other States across the United States.

7. Based upon information and belief, the annual gross sales volume of GUESTTEK has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, GUESTTEK has been an enterprise engaged in

interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. At all times material to this Complaint between approximately between approximately February 2020 and September 2020, Plaintiff was himself individually engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff regularly and directly participated in the actual movement of persons and things in interstate commerce including but not necessarily limited to Plaintiff traveling from Florida to one or more other States including Texas, Georgia, California, Montana, and Iowa for Defendants in order to complete work at Defendants' customer job sites throughout the United States.

10. On or around February 3, 2020, GUESTTEK hired Plaintiff in the position titled as "Installation Manager" through a written offer letter sent by Defendant's Director of Field Services, David Goldman, to Plaintiff's home at in Tallahassee, Florida.

11. In numerous work weeks during the three (3) year statute of limitations period between approximately February 2020 and September 2020, Plaintiff worked for GUESTTEK in the position titled as "Installation Manager," with Plaintiff's primary job duties that consisted of non-exempt manual labor while traveling State to State and installing switches, access points, wireless set top boxes (STBs), televisions, smartzones, and servers at hotels for GUESTTEK's customers across the United States in—by way of example—El Paso, Texas; Atlanta, Georgia; Los Angeles, California; Livingston, Montana; and Des Moines, Iowa.

12. The additional persons who may become Plaintiffs in this action are GUESTTEK's current and former non-exempt "Installation Managers," however variously titled, who have worked for Defendant in one or more weeks between December 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40)

hours per week for GUESTTEK.

13. During the three (3) year statute of limitations period between approximately February 2020 and September 2020, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant at numerous customer job sites throughout the United States while performing non-exempt work in the position known as "Installation Manager."

14. Likewise, the other employees of GUESTTEK who are similarly situated to Plaintiff have regularly worked as non-exempt "Installation Managers," however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between approximately December 2017 and the present.

15. However, GUESTTEK has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated non-exempt "Installation Managers," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period between approximately December 2017 and the present.

16. During the three (3) year statute of limitations period between approximately December 2017 and April 2020, GUESTTEK misclassified Plaintiff and Defendant's other "Installation Managers" nationwide similarly situated to him as "exempt" from the overtime compensation requirements of the FLSA despite their primary job duties being non-exempt in nature.

17. Between approximately February 2020 and April 2020, GUESTTEK paid Plaintiff gross weekly wages of $1,250.00 per week for Forty (40) hours of work per week, and between approximately May 2020 and September 2020, GUESTTEK paid Plaintiff on an hourly basis at the regular rate of $28.85 per hour, all through direct deposit from GUESTTEK's corporate office in Salt Lake City, Utah to Plaintiff's bank account in Tallahassee, Florida by Defendant utilizing

4

ADP and issuing Earnings Statements to Plaintiff each pay period between February 2020 and September 2020.

18. In or around early May 2020, GUESTTEK re-classified the "Installation Manager" position from "exempt" to "non-exempt" under the Fair Labor Standards Act and Defendant changed Plaintiff's compensation to an hourly basis at the regular rate of $28.85 per hour, with a time and one-half overtime rate of $43.28 per hour.

19. The primary job duties performed by Plaintiff and the other similarly situated "Installation Managers," however variously titled, for GUESTTEK between approximately December 2017 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

20. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Installation Managers," however variously titled, for GUESTTEK between approximately December 2017 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or production operations.

21. Instead, Plaintiff and GUESTTEK's other similarly situated "Installation Managers," however variously titled, have devoted the majority of their working time for Defendant within the three (3) year statute of limitations period between approximately December 2017 and the present to performing manual labor and other ministerial and clerical tasks for GUESTTEK.

22. Finally, the primary duties of Plaintiff and the other similarly situated "Installation Managers," however variously titled, for Defendant during the three (3) year statute of limitations period between approximately December 2017 and the present *was not* management of any department(s) or job sites of GUESTTEK, and Plaintiff and the other "Installation Managers," however variously titled, had no authority to—and did not regularly—interview, hire, discipline, or fire employees of GUESTTEK.

23. During the three (3) year statute of limitations period between approximately February 2020 and September 2020, Plaintiff regularly worked for GUESTTEK while in the position of "Installation Manager" as many as seven (7) days per week with start times as early as 8:00 a.m. and with stop times as late as 6:00 to 8:00 p.m., averaging between approximately Sixty (60) to Seventy (70) hours per week.

24. However, GUESTTEK has failed to pay time and one-half wages for all of the hours that Plaintiff and other "Installation Managers," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of limitations period between approximately December 2017 and the present as required by the Fair Labor Standards Act, with GUESTTEK, *inter alia*: (i) misclassifying Plaintiff and other "Installation Managers" as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week between approximately December 2017 and April 2020; and (ii) failing to pay Plaintiff and other "Installation Managers" between May 2020 and the present for the full extent of all of their actual overtime hours worked for Defendant.

25. Subject to discovery, based upon GUESTTEK paying Plaintiff gross weekly wages of $1,250.00 per week for Forty (40) hours of work per week between approximately mid-February

6

2020 and April 2020 and Plaintiff being owed an average of approximately Twenty-Five (25) uncompensated overtime hours per week during a total of approximately Ten (10) work weeks between approximately mid-February 2020 and April 2020 at the rate of $46.88/hour, as well as Plaintiff being owed an additional Thirty-Two (32) unpaid overtime hours at the rate of $43.28/hour for uncompensated overtime work Plaintiff performed for Defendant in Montana in June 2020 and in Iowa in August 2020, Plaintiff's unpaid overtime wages total approximately **$13,103.71** [($46.88/hour x 25 OT hours/week x 10 weeks = $11,718.75) + ($43.28/hour x 32 OT hours = $1,384.96) = $13,103.71].

26. Based upon information and belief, GUESTTEK failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Installation Managers," however variously titled, for each and every work week during the three (3) year statute of limitations period between December 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

27. Nonetheless, GUESTTEK has had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Installation Managers," however variously titled, during each week between approximately December 2017 and the present but Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Installation Managers" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

28. The complete records reflecting the compensation paid by GUESTTEK to Plaintiff and all other similarly situated "Installation Managers," however variously titled, at any location

between approximately December 2017 and the present are in the possession, custody, and/or control of Defendant.

29. On or around September 9, 2020, GUESTTEK's Global Human Resources Director, Van Ly, sent a Termination Notice to Plaintiff's home in Tallahassee, Florida documenting that Plaintiff's employment was terminated.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff, SAMUEL JEAN BAPTISTE, readopts and realleges the allegations contained in Paragraphs 1 through 29 above.

31. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for GUESTTEK as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately February 2020 and September 2020.

32. All similarly situated non-exempt "Installation Managers," however variously titled, of GUESTTEK are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant at any location but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between approximately December 2017 and the present.

33. GUESTTEK has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Installation Managers," however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between approximately December 2017 and the present.

34. At all times material to this Complaint, GUESTTEK had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Installation

Managers," however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately December 2017 and the present based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Installation Managers"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that GUESTTEK knew had been worked for the benefit of Defendant.

35.     By reason of the said intentional, willful and unlawful acts of GUESTTEK, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

36.     Based upon information and belief, at all times material to this Complaint, GUESTTEK did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Installation Managers," however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

37.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from GUESTTEK all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

38.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SAMUEL JEAN BAPTISTE, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, GUEST-TEK INTERACTIVE ENTERTAINMENT INC., for the payment of

all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 30, 2020						Respectfully submitted,

             By:	**s/KEITH M. STERN**
               Keith M. Stern, Esquire
               Florida Bar No. 321000
               E-mail:  employlaw@keithstern.com
               LAW OFFICE OF KEITH M. STERN, P.A.
               80 SW 8th Street, Suite 2000
               Miami, Florida 33130
               Telephone:  (305) 901-1379
               Fax:  (561) 288-9031
               Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant, **Guest-Tek Interactive Entertainment Inc.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.  I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Samuel Jean Baptiste*

**Samuel Jean Baptiste**